IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GPZ SERVICES, INC.,
a Florida Corporation

    Plaintiff,

v.                                      CASE NO:_____

RESEARCH LABORATORY SUPPLY, INC.,    Trial by Jury Demanded
d/b/a Med Lab Supply, a Florida Corporation,
and GREGORY BLACKLEDGE,
an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff GPZ SERVICES, INC. sues Defendants RESEARCH LABORATORY SUPPLY, INC., d/b/a Medical Laboratory Supply, a Florida corporation, and GREGORY BLACKLEDGE, an individual, for Federal Trademark Infringement and Federal False Designation of Origin and alleges:

## THE PARTIES

1. Plaintiff GPZ SERVICES, INC. ("GPZ") is a corporation duly organized under the laws of the State of Florida with its principal place of business at 140 Island Way #229, Clearwater, Florida.

2. Defendant RESEARCH LABORATORY SUPPLY, INC., d/b/a Medical Laboratory Supply ("RLS"), is a corporation duly organized under the

laws of the State of Florida that lists its principal address as 2939 North Powerline Road, Pompano Beach, Florida.

3. Defendant GREGORY BLACKLEDGE ("BLACKLEDGE") is an individual and resident of the State of Florida. BLACKLEDGE is the President and CEO of RLS. Upon information and belief, at all relevant times BLACKLEDGE masterminded, oversaw and/or facilitated the actions that are the subject of this complaint on behalf of RLS.

## JURISDICTION AND VENUE

4. This is a suit for violations of the Lanham Act. This Court has subject matter jurisdiction pursuant to 15 U.S.C §1121 and 28 U.S.C. §1331.

5. This Court has personal jurisdiction over RLS and BLACKLEDGE because RLS and BLACKLEDGE both reside in Florida and because both have "[o]perat[ed], conduct[ed], engag[ed] in, or carr[ied] on a business or business venture in [Florida]" pursuant to Fla. Stat. §48.193(1)(a)(1) through which they have "committed a tortious act within [Florida]" pursuant to Fla. Stat. §48.193(1)(a)(2) that has caused injury to GPZ in this district pursuant to Fla. Stat. §48.193(1)(a)(6).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) & (c).

## **GENERAL ALLEGATIONS**

7. Since 2002, Plaintiff GPZ has been in the business of selling medical and laboratory supplies from third-party manufacturers such as surgical gloves, masks, syringes, and laboratory glassware under its registered "GPZ SERVICES" trademark online, most recently via its website at www.gpzmedlab.com (the "GPZ Website").

8. During this time, GPZ has sold medical and laboratory supplies to many thousands of customers located throughout the United States.

9. Plaintiff's GPZ SERVICES® trademark has been registered continuously with the United States Patent and Trademark Office ("PTO") since June 15, 2010, in International Class 035 for "Online ordering services featuring medical and laboratory supplies" as Registration No. 3802015 (the "GPZ Federal Registration"). Sufficient proof of the GPZ Federal Registration is attached hereto as Exhibit 1.

10. The GPZ Federal Registration is incontestable under the Lanham Act.

11. The GPZ Federal Registration is highly distinctive both because of the arbitrary use of "GPZ" in the mark and because of its use over many years for sales to many thousands of customers.

12. The GPZ Federal Registration remains active and fully enforceable.

13. Since at least October 2013, the GPZ Website has prominently featured the mark "GPZ MED LAB" at the top of each webpage next to its GPZ Services logo as shown below:



14. Through the continued use of this mark over many years, GPZ has acquired common law rights nationwide in its "GPZ MED LAB" trademark (hereafter the "GPZ Common Law Trademark") for online services featuring medical and laboratory supplies.

15. At all relevant times, Defendant RLS has sold medical and laboratory supplies from third-party manufacturers online at its www.medical-and-lab-supplies.com website (the "RLS Website") in direct competition with GPZ. By way of example, RLS also has sold and continues to sell surgical gloves, masks, syringes, and laboratory glassware at its RLS Website.

16. At all relevant times, RLS and BLACKLEDGE have been aware of GPZ's usage and rights in the marks that are the subject of the GPZ Federal Registration, the GPZ Florida Registration and the GPZ Common Law Trademark.

17. At all relevant times, RLS has utilized Google Ads to advertise its services online.

18. Google Ads is an online advertising platform through which advertisers bid to display advertisements, service offerings and/or product listings in response to Internet searches on Google.

19. Through Google Ads, an advertiser can arrange to place advertisements in response to Google searches that contain certain keywords.

20. To this end, at all relevant times, RLS has paid to place one or more advertisements in Google search results when a person does an online search for "GPZ Services."

21. The resulting RLS ads have included language such as "GPZ Services – Shop Med Lab Supply" and "Med Supplies @ Wholesale Rates – GPZ Services" placed predominantly on the subject line of its Google Ads. Examples of such ads are attached hereto as Exhibit 2.

22. When a web-user clicks on a resulting RLS Google ad, the web-user is brought to the RLS Website at www.medical-and-lab-supplies.com (the RSL Website"). Once reached, the RLS Website displays the following logo dominated by the generic wording "Med Lab":



23. RLS intentionally utilizes the generic identifier "Med Lab" at the RSL Website to maintain the potential consumer's mistaken belief that he or she is purchasing medical and/or laboratory supplies from GPZ because the GPZ Website domain is gpzmedlab.com.

24. For the same reason, *i.e.*, to maintain the potential consumer's mistaken belief that he or she is purchasing medical and/or laboratory supplies from GPZ, the RLS Website does not include the name "Research Laboratory Supply".

25. RLS has utilized both the "GPZ Services" mark and "Med Lab" in conjunction with its use of the "GPZ Services" mark in its Google ads intentionally to cause consumers to believe that its services are GPZ's services and/or to cause consumers to believe that RLS's services are affiliated, licensed and/or used with the approval of GPZ.

26. At no time has GPZ consented to RLS's use of any of GPZ's marks including its GPZ Federal Registration and GPZ Common Law Trademark.

27. Upon information and belief, RLS's improper use of a colorable imitation of one or more of GPZ's marks has been ongoing for many years during which time RLS has pawned off sales from GPZ.

28. RLS's actions have at all times been willful.

29. RLS's use of "GPZ Services" in its Google ads constitutes use in commerce of a mark in connection with the sale, offering for sale, distribution or advertising of goods or services that is likely to cause confusion as to the source or sponsorship of the offered goods and services vis-à-vis GPZ's GPZ Federal Registration and/or GPZ Common Law Trademark.

30. In fact, RLS's improper actions have caused actual confusion in the marketplace such that consumers have believed that RLS's services are offered by GPZ.

31. Upon information and belief, at all relevant times BLACKLEDGE has intentionally and willfully masterminded, overseen and/or facilitated the use Google Ad campaign through which RLS has utilized a colorable imitation of one or more of GPZ's marks to steal business away from GPZ.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

### Against both RLS and BLACKLEDGE

32. Paragraphs 1 through 31 are incorporated and realleged hereto as if set forth fully herein.

33. This is an action for federal trademark infringement under the Lanham Act, 15 U.S.C. §1114, against Defendants RLS and BLACKLEDGE.

34. The GPZ Federal Registration gives GPZ the sole right to use "GPZ Services" nationwide to sell the goods and services that are the subject of the federal registration.

35. Neither RLS nor BLACKLEDGE has ever had any rights to use any mark confusing similar to the GPZ Federal Registration to sell or offer for sale medical or laboratory supplies in the United States.

36. RLS's actions constitute the improper use of a colorable imitation of GPZ's GPZ Federal Registration that is likely to confuse, or to cause mistake or to deceive, and in fact has confused, caused mistake, and deceived, consumers as to the source or sponsorship of RLS's services.

37. Specifically, RLS's intentional and willful use of colorable imitation of GPZ's GPZ Federal Registration has caused consumers to believe that RLS's services are offered by or affiliated with GPZ.

38. RLS's improper activities have damaged GPZ at least in the form of lost sales to GPZ and stolen sales by RLS.

39. Pursuant to 15 U.S.C. §1117(a), GPZ is at least entitled to recover Defendants' profits, damages GPZ has suffered resulting from Defendants' improper activities and the costs of this action.

40. In addition, because Defendants' actions are willful, GPZ is entitled to up to three times its actual damages from Defendants and to its attorney fees.

WHEREFORE, GPZ demands judgment against both RLS and BLACKLEDGE, jointly and severally, for the damages to which GPZ is due in addition to its costs and reasonable attorney fees.

## COUNT II – FEDERAL FALSE DESIGNATION OF ORIGIN

### Against both RLS and BLACKLEDGE

41. Paragraphs 1 through 16 are incorporated and realleged hereto as if set forth fully herein.

42. This is an action for federal false designation of origin under the Lanham Act, 15 U.S.C. §1125, against Defendants RLS and BLACKLEDGE.

43. The GPZ Federal Registration and rights in the GPZ Common Law Trademark give GPZ the sole right to use "GPZ Services" and "GPZ MED LAB" nationwide to sell medical and laboratory supplies.

44. Neither RLS nor BLACKLEDGE has ever had any rights to use any mark confusing similar to the GPZ Federal Registration or GPZ Common Law Trademark to sell or offer for sale medical or laboratory supplies in the United States.

45. RLS's actions constitute the improper use of a colorable imitation of GPZ's GPZ Federal Registration and/or GPZ Common Law Trademark that is likely to confuse, or to cause mistake or to deceive, and in fact has confused,

caused mistake, and deceived, consumers as to the source or sponsorship of RLS's services.

46. Specifically, RLS's intentional and willful use of colorable imitation of GPZ's GPZ Federal Registration and/or GPZ Common Law Trademark has caused consumers to believe that RLS's services are offered by or affiliated with GPZ.

47. RLS's improper activities have damaged GPZ at least in the form of lost sales to GPZ and stolen sales by RLS.

48. Pursuant to 15 U.S.C. §1117(a), GPZ is at least entitled to recover Defendants' profits, damages GPZ has suffered resulting from Defendants' improper activities and the costs of this action.

49. In addition, because Defendants' actions are willful, GPZ is entitled to up to three times its actual damages from Defendants and to its reasonable attorney fees.

WHEREFORE, GPZ demands judgment against both RLS and BLACKLEDGE, jointly and severally, for the damages to which GPZ is due in addition to its costs and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GPZ demands:

1. That Defendants RLS and BLACKLEDGE be found liable and ordered to pay jointly and severally for all damages sustained by GPZ by reason of their federal trademark infringement and federal false designation of origin;

2. That GPZ be awarded its reasonable attorney's fees pursuant to the Lanham Act; and

3. That GPZ have and recover its costs in this action.

4. That RLS and BLACKLEDGE be permanently enjoined from infringing any colorable imitation of GPZ's GPZ Federal Registration and/or GPZ Common Law Trademark in ads resulting from its participation in Google Ads or similar ad platforms.

5. That GPZ have such further relief as is deemed just and proper.

## TRIAL BY JURY

Demand is hereby made for trial by jury.

Dated this 20th day of July, 2022.

*/s/ Joseph Weissman*
JOSEPH J. WEISSMAN, FBN 0041424
(Trial Counsel)
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
401 East Jackson Street, Suite 3100
Tampa, Florida  33602
E-Mail:  josephw@jpfirm.com
(813) 225-2500

*Attorneys for Plaintiff*

#7974697